IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Sarah C. Larrabee, ) | |
| ) | C/A No. 2:04-23283-18 |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER and OPINION** |
| New Hope Treatment Centers, Inc. and New ) | |
| Hope Community Services, Inc. a/k/a New ) | |
| Hope for Children, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

The above entitled matter having been compromised and settled, now, on joint motion for approval of settlement by Shawn D. Wallace of Young Clement Rivers, attorneys for defendants, and A. Christopher Potts of Hitchcock & Potts, attorneys for plaintiff, and upon the court's consideration and in camera review of the Full, Final and Complete Release entered into by and between the parties, including but not limited to the provisions releasing all claims arising from the Family and Medical Leave Act arising from or related to plaintiff's employment and termination of employment with defendant New Hope for Children from the beginning of time to this date, and it appearing just, reasonable and proper to do so, it is hereby ORDERED, ADJUDGED and DECREED that plaintiff's release and waiver of any and all Family and Medical Leave Act rights in consideration of settlement of this action is hereby approved in accordance with Taylor v. Progress Energy, Inc., 415 F.3d 364 (4th Cir. 2005); that with consent of the parties, the above case is ended with prejudice; and that the causes of action therein brought or which could have been brought are forever barred pursuant to Rule 41 of the Federal Rules of Civil Procedure. Each party shall bear its own costs and expenses, including attorneys

fees incurred in this action.[1]

        **AND IT IS SO ORDERED**.

                                    **DAVID C. NORTON**
                                    **UNITED STATES DISTRICT JUDGE**

**October 18, 2005**
**Charleston, South Carolina**

---

[1] The parties desire to maintain a confidential settlement agreement. While the parties have not filed the agreement with the court, they do seek the court's in camera review and approval of the confidential settlement pursuant to Taylor. The court's review of the settlement and subsequent dismissal does not fall within the purview of Local Rule 5.03(e). This agreement does not involve "court-enforced secrecy" since the penalty for disclosure is not contempt of court. As Judge Anderson has noted,
> Rule 5.03[] addresses court-ordered secrecy, i.e., a settlement whereby the parties consent to an order of the court directing that the settlement, the court documents, or whatever else the parties agree upon, remain secret. It is one thing to say that the parties have the right, as they do, to agree upon secrecy inter se; it is quite another to suggest that there is some legal right to force a judge to sign an order requiring that the parties "hush up" on pain of contempt of court.

Joseph F. Anderson Jr., Hidden from the Public by Order of the Court: The Case Against Government-Enforced Secrecy, 55 S.C. L. Rev. 711, 727 (2004). In contrast, this dismissal order does not order the parties to keep silent. Rather, the parties have agreed among themselves not to disclose the terms.